UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAREN FELD,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-479 (ESH) |
| **KENNETH FELD,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This dispute arises from a testamentary trust of which the parties are the only surviving beneficiaries.[1] Before the Court are plaintiff's motion to remove defendant as trustee [Dkt. 12], plaintiff's motion to disqualify defendant's counsel [Dkt. 13], defendant's motion to dismiss the First Amended Complaint ("FAC") [Dkt. 28], plaintiff's motion for partial summary judgment on Count II of the FAC [Dkt. 32], and defendant's cross-motion to stay the proceedings [Dkt. 36]. Based upon the Court's consideration of the parties' submissions and the relevant legal authorities, it is hereby **ORDERED** that:

1) Plaintiff's motion to remove defendant as trustee is **DENIED**. While it may be that breaches of fiduciary duties, the existence of bad faith, or the existence of mutual hostility between a trustee and beneficiary may be grounds for removal, *see McPherson v. Cox*, 96 U.S. 404, 419 (1877); *see also McDonald v. O'Donnell*, 8 F.2d 792, 793 (D.C. Cir. 1925) (affirming removal of trustee); *Wilson v. Wilson*, 14 N.E. 521, 524 (Mass. 1888) (same), at this early stage,

---

[1] The trust was established by the Last Will and Testament ("the Will") of Israel Feld, the parties' uncle, and amended by his codicil ("the Codicil"). (*See generally* Am. Compl., Ex. 1.) Because the testator was a D.C. resident and published his Will in the District (*see id.* at 1), the D.C. Code's codification of the Uniform Trust Code ("UTC") applies to the trust at issue. *See* D.C. Code § 19-1311.03(a)(1).

the Court cannot conclude that there are sufficient undisputed facts to justify the removal of defendant as trustee under D.C. Code § 19-1307.06.

      2) Plaintiff's motion to disqualify counsel is **DENIED**. Plaintiff argues that defendant's counsel must be disqualified because in addition to representing defendant in his capacity as trustee in this action, counsel represents defendant in his personal capacity and his business in a separate action brought by plaintiff.[2] Her argument rests upon the premise that defendant's counsel has a duty of loyalty to plaintiff by virtue of defendant's role as trustee, such that counsel continues to owe her that duty in an adversary context. Plaintiff concedes that this the minority view, which has not been accepted in this jurisdiction. Therefore, this Court will not adopt it. *Cf. Hopkins v. Akins*, 637 A.2d 424, 428 (D.C. 1993) (joining "the broad majority of courts" and holding, as a matter of law, that attorney of estate's personal representative owed no duty of care to estate's beneficiary).

      3) Defendant's motion to dismiss is **DENIED**. There are numerous factual disputes, and many of defendant's asserted grounds for dismissal rest upon documents that are not a part of the FAC or its attachments and that are not materials "upon which the complaint necessarily relies . . . ." *Navab-Safavi v. Broad. Bd. of Governors*, 650 F. Supp. 2d 40, 56 n.5 (D.D.C. 2009).[3]

---

[2] Plaintiff also alleges that defendant's counsel serves as attorney for some of defendant's children.

[3] For example, Count III of the FAC alleges that although defendant "has asserted that he principally administers the trust in the State of Maryland," his transfer of the trust's administration from D.C. to Maryland was ineffective because he did not give plaintiff notice of the transfer as required by D.C. Code § 19-1301.08(d). *See* FAC ¶ 56. Defendant responds that this allegation is based on his deposition testimony in plaintiff's prior lawsuit against him in Virginia. He argues that this testimony establishes that the transfer occurred before March 10, 2004, the effective date of the UTC's codification, and the transfer would, therefore, not have been governed by the notice requirement. *See* D.C. Code § 19-1311.03(a)(5). However, plaintiff's allegation neither cites the transfer date nor "necessarily relies" upon defendant's deposition in the Virginia action. *See Navab-Safavi*, 650 F. Supp. 2d at 56 n.5. Rather, plaintiff merely alleges that defendant asserted that the trust is administered in Maryland – a fact that

4) Plaintiff's motion for partial summary judgment is **DENIED**.  Under D.C. Code § 19-1308.08(d), an individual who is empowered to direct a trustee's actions, such as the trust's Designee, Charles F. Smith,[4] "is presumptively a fiduciary actor" who must "act in good faith with regard to the purposes of the trust and the interest of the beneficiaries."  Section 19-1308(b) requires defendant, as trustee, to comply with the Designee's directions unless they are "manifestly contrary to the terms of the trust" or the trustee knows that the directions are a "serious breach" of the Designee's fiduciary duty to the trust's beneficiaries.  Material questions of fact remain regarding (i) the testator's intent and whether Smith should be presumed a fiduciary, (ii) Smith's good faith in instructing a division of the trust principal, and (iii) whether the purported hostility between defendant and Smith arises from changed circumstances that would require Smith's removal as Designee.[5]  These and other factual issues preclude partial summary judgment on Count II.[6]

---

formed the basis of defendant's successful motion to dismiss for lack of personal jurisdiction in the prior lawsuit.  The Court will take judicial notice of the prior lawsuit and its dismissal for lack of personal jurisdiction (*see* Mot. to Dismiss FAC, Ex. 3), but not the deposition testimony, which is equivocal at best.  (*See id.*, Ex. 13 at 35:6-8 (Q: ""I think [the transfer] was 2000, sometime around then . . . .").)

[4] The Court is troubled by defendant's assertion that he "did not realize the Trust has a Designee, or that Charles Smith was named as a Designee or had any purported role as such" until plaintiff commenced the Virginia action.  (*See* Mot. to Dismiss FAC, Ex. 1 (Decl. of Kenneth Feld) ¶ 18.)  The Will repeatedly references the Designee's role (*see generally* Am. Compl., Ex. 1 at 6-12), and Smith was added as a successor Designee by the same five-page Codicil that added defendant as a successor executor and trustee.  (*See id.* at 16-19.)  Defendant's avowed ignorance of the terms of the document whose execution was entrusted to him hardly bolsters his arguments regarding his fiduciary duties.

[5] The argument regarding the Designee's hostility toward defendant is certainly as compelling as plaintiff's argument for the removal of defendant as trustee.

[6] The Court has also considered the parties' supplemental briefing, requested by the Court, regarding the effect of the Codicil's express revocation and replacement of "subparagraph B(2)(b) of Article Third" of the Will.  (Am. Compl., Ex. 1 at 16.)  The Will's original subparagraph B(2)(b) gives, *inter alia*, defendant's children a remainder interest in the trust.  (*See id.* at 7-10.)  Defendant contends that the Codicil's terms contain a typographical error and were

3

5) Defendant's cross-motion to stay the proceedings is **DENIED** as moot.

6) An initial scheduling conference is hereby set for February 10, 2010 at 10:30 a.m. in Courtroom 14.

**SO ORDERED.**

                                                      /s/
                        ELLEN SEGAL HUVELLE
                        United States District Judge

Date: January 21, 2010

---

intended only to revoke and replace sub-subparagraph B(2)(b)(4).  In the alternative, defendant argues that if the Codicil indeed amended all of subparagraph B(2)(b), the amended Will now gives the Greater Washington Jewish Community Foundation ("the Foundation") a contingent remainder interest in the trust that must be considered before defendant, as trustee, complies with Smith's instruction, as Designee, to divide the trust principal between the parties.

      Plaintiff responds that defendant has not shown "clear and convincing evidence that both the settlor's intent and the terms of the trust were affected by a mistake of fact . . . in expression," *i.e.*, a typographical error, and therefore reformation of the trust's terms is improper.  D.C. Code § 19-1304.15.  Even if this were true, and the Codicil in fact amended the entirety of subparagraph B(2)(b), plaintiff's argument that defendant must comply with Smith's instruction to divide the trust principal continues to ignore the questions of material fact discussed above.

      The Court need not resolve this major dispute at this time in order to decide the pending motions, but it could well have a significant impact on the litigation in the future.