**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KAREN FELD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:08-cv-01557-ESH-AK |
| KENNETH FELD *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |
| KAREN FELD, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:09-cv-00479-ESH-AK |
| KENNETH FELD, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION**
**TO COMPEL PLAINTIFF KAREN FELD'S DEPOSITION**

On June 28, 2010, Plaintiff Karen Feld's first day of deposition began at her attorneys' offices. This date had been mutually agreed to by Ms. Feld. That this would be a full seven (7) hour day of deposition had also been agreed to in advance by Ms. Feld, in connection with Defendant Kenneth Feld making himself available for two full days of deposition on June 25-26, 2010 (which Ms. Feld attended). However, during a break at the midpoint of Ms. Feld's June 28 deposition, she unilaterally and without notice or permission terminated the deposition. Her attorney, Steven M. Oster, then claimed that she was "ill" and could not continue. No

independent medical evidence has been provided to support this assertion. Mr. Oster then promised to provide a date to resume Ms. Feld's deposition but, despite numerous follow-up communications by undersigned counsel and meet-and-confer efforts, no such date has been provided as of the date of filing this motion.

It is unacceptable that Defendants have to file a motion to compel Plaintiff to complete her own deposition. This conduct, set forth in further detail below, demonstrates that Ms. Feld is treating this litigation and her discovery obligation as a game, and in so doing is causing Defendants and the Court to waste substantial time and Defendants to incur unnecessary expense. As a result of Ms. Feld's misconduct, Defendants are left with no option but to seek a Court order compelling Ms. Feld, the Plaintiff in this litigation, to immediately resume her deposition and to complete the remainder of her deposition in two (2) days.

## **FACTS**

On February 18, 2010, the Court issued a Scheduling Order allowing each party to be deposed for 20 hours. *See* Docket 61 at 1, attached hereto as Ex. 1. After making numerous objections to Defendants' proposed dates, Plaintiff Karen Feld finally agreed to be deposed on June 28, 2010 for 7 hours, and the deposition was duly noticed. *See* Notice of Deposition, attached hereto as Ex. 2. The deposition had originally been noticed for June 9, 2010, but Ms. Feld objected to that date because she was vacationing in Maine.

On June 28, 2010, Ms. Feld's deposition started at 10:01 a.m. At 3:13 p.m., after taking 2 breaks, including more than 1 hour for lunch, *see* Exhibits 3 (excerpts from Karen Feld June 28, 2010 deposition) at 95, 189, the parties went off the record for a quick recess. *See id.* at 262:5-6. Without notice, Ms. Feld then terminated the deposition, walked out of the building and did not return. At 3:34 p.m., counsel went back on the record, and Mr. Oster claimed that

Ms. Feld was "ill and cannot continue today," and that she had left the deposition to see her physician. *Id.* at 262:12-17. This representation was contradicted by the fact that Ms. Feld was having no difficulties during the deposition, did not claim to be ill during the deposition and showed no signs of illness (all as can be confirmed by the transcript and videotape of the deposition). Mr. Oster further stated: "*I can't commit to any day* [to continue the deposition] until . . . the close of the appointment with [Plaintiff's] physician and [Plaintiff] is cleared to continue." *Id.* at 263:1-4 (emphasis added). Defendants' counsel immediately objected to Ms. Feld abrupt departure and her unilaterally terminating her deposition without cause, there being no evidentiary basis for her actions. *Id.* at 264:2-16. Mr. Oster then represented that he would get back to Defendants' counsel that day and "do everything I can to reschedule the balance of the today as quickly as I can." *Id.* at 265:2-9.

Later that day, Mr. Oster e-mailed Defendants' counsel and stated that Karen Feld was not available to continue her deposition the following day. *See* S. Oster June 28, 2010 e-mail, attached hereto as Ex. 4.

The next day, June 29, 2010, Mr. Oster committed in writing to providing dates to resume Ms. Feld's deposition *that same day*. *See* S. Oster June 29, 2010 e-mail ("I will get you date(s) for Ms. Feld as soon as I have them today.") attached hereto as Ex. 5. No such dates were provided.

Later that day, however, Mr. Oster sent over a note from an osteopath whom Ms. Feld apparently visited on the day of her deposition. The note makes no independent findings regarding Ms. Feld's medical condition and simply, on the basis of Ms. Feld's assessment of her own condition, recommends that Ms. Feld be hydrated and be given "time to rest next week." *See* C. Steele note, attached hereto as Ex. 6. This makes no sense given that water and other

beverages were available at the June 28, 2010 deposition. The note also stated that *Plaintiff* "indicated" that 3 hours and 40 minutes of deposition – characterized as "a long day spent in deposition –" "*are aggravating her traumatic brain injury.*" *Id.* (emphasis added). Conspicuously, the note mentions that Ms. Feld scheduled this appointment at *1 pm* on the day of the deposition – which was when the lunch break was taken and a full two hours before she unilaterally walked out. This timing indicates that Ms. Feld's purported "illness" was nothing more than a planned pretext to avoid further questioning.

On July 1, 2010, undersigned counsel sent Mr. Oster an e-mail asking when Karen Feld's deposition was going to continue. *See* M. Kirtland-S.Oster e-mail string, attached hereto as Ex. 7. On July 2, 2010, with no answer from Mr. Oster, undersigned counsel again e-mailed and stated that Defendants needed "an answer on this today or we will have to seek relief from the Court." *Id.* at 1. Mr. Oster responded and stated that he was "speaking with Ms. Feld's medical providers re resuming her deposition" and "will get back to you no later than Monday." *Id.* Undersigned counsel reiterated that this was unacceptable, that Defendants needed the resumed deposition date immediately and that the deposition had to resume the next week. *See id.* No response came from Mr. Oster, either that day or on Monday, July 5, 2010, as had been promised.

On Tuesday, July 6, 2010, Mr. Oster sent another letter in which he, not a physician, claimed in pertinent part that: (a) Karen Feld "*cannot sit for more than half day at a time*;" (b) that each of her deposition sessions must be followed by *a week of recuperation*; (c) that "there does not appear to be any urgency to resuming Ms. Feld's deposition" because Defendant Kenneth Feld's deposition could not be resumed immediately; and (d) Plaintiff's counsel "will provide dates as soon as [Plaintiff's] physicians inform . . . that she can reconvene." S. Oster

July 6, 2010 letter at 2, attached hereto as Ex. 8 (emphasis added).  Even thought this was more than a week after the June 28, 2010 deposition, still no resumption dates were provided.

Moreover, it was improper for Mr. Oster, in his July 6, 2010 letter, to compare Ms. Feld's refusal to resume the noticed deposition that she unilaterally terminated mid-day with the scheduling of Mr. Feld's final day of the deposition.[1]  Mr. Feld has sat for two full days of deposition, and he could have sat for three days during the week June 21, 2010, as was offered, but Mr. Oster and Karen Feld instead chose to also depose Mr. Feld' two daughters -- Nicole and Alana -- that same week.  When Mr. Oster and Karen Feld made the decision to only depose Mr. Feld for two days, they knew that he would not be available during the month of July 2010 because pre-existing business and travel plans, all of which was communicated to Mr. Oster in May 2010.  It also should be noted that Mr. Feld was scheduled for deposition in February 2010, but that Karen Feld and Mr. Oster unilaterally terminated those dates without Mr. Feld's consent.

On July 14, 2010, without any dates being provided by Karen Feld for her continued deposition, counsel met-and-conferred telephonically.  In this conference, Mr. Oster still did not provide any dates.  Defendants' advised that they were going to file a motion to compel.  Subsequently, Mr. Oster sent an e-mail stating that he would "try to get a date for Karen's deposition by Friday in order to avoid your have to file a motion."  *See* S. Oster July 14, 2010 e-mail, attached hereto as Ex. 9.

---

[1] Mr. Oster, in his July 6, 2010 letter, also fundamentally mischaracterizes Defendant Kenneth Feld's position regarding scheduling of the third day of his deposition.  At no point did Mr. Feld object to completing the twenty (20) hours of his deposition.  All that he asked for was a proffer on whether such a third day of deposition was necessary given that Mr. Oster covered the claims and defenses in both of these actions during Mr. Feld's first full two (2) days of deposition.  With respect to the discussion in Mr. Oster's letter regarding Mr. Feld being instructed not to answer certain questions at his deposition, this issue will be dealt with in a separate motion if it cannot be resolved in a meet-and-confer.

The next day, July 15, 2010, Mr. Oster sent Defendants' counsel a letter from Dr. Neil Spiegel, another osteopath. *See* N. Spiegel July 7, 2010 letter, attached hereto as Ex. 10. Therein, Dr. Spiegel does not state that he examined Ms. Feld or made any independent finding concerning any illness that she suffered at her June 28, 2010 deposition or thereafter. He merely states that Ms. Feld suffers from "migraine headache," "osteoarthritis of the knee," "sequelae due to traumatic brain injury," and "fibromyalgia." *Id.* Nevertheless, Dr. Spiegel goes on to recommend, presumably based on the Karen Feld's unchallenged representations to him, that she should be limited to testifying in deposition for half a day once a week, to give her time to recover. *See id*. If this position were accepted, completion of Karen Feld's deposition would take more than a month.

On Friday, July 16, 2010, counsel for both parties again met-and-conferred telephonically. Again, and contrary to his representation on July 14, 2010, Mr. Oster did not provide dates to resume Karen Feld's deposition. Significantly, however, he revealed that Ms. Feld was at her vacation lake house in Maine. Then, Mr. Oster asked if Ms. Feld's deposition could be continued in Portland, Maine. This was rejected. The purpose of discovery is not to accommodate Ms. Feld's vacation schedule. Mr. Oster also stated during this call that Ms. Feld had suffered some other form of unidentified injury. Despite Mr. Oster's promise to provide yet another "doctor's note" no later than Monday, July 19, 2010, no such note was provided.

At this point, nearly a month has passed since Karen Feld abruptly terminated the first day of her deposition and she has yet to commit to a date certain for resumption of the deposition. In hindsight, Karen Feld's conduct after June 28, 2010, as communicated through Mr. Oster, is a fairly obvious effort to string Defendants along. The purpose of this was, on one hand, to prevent the resumption of her deposition and, on the other, to delay the filing of this

motion to compel. Had Ms. Feld been forthright and stated in late June or early July that she was not going to provide dates for her resumed deposition then this motion to compel could have been filed sooner.

## ARGUMENT

**1.     Plaintiff Karen Feld Should Be Compelled to Resume Her First Day of Deposition Immediately**

The Court's February 18, 2010 Order directed that parties are to make themselves available for twenty (20) hours of deposition. It is undisputed that Plaintiff Karen Feld has violated that direction. As the plaintiff, Ms. Feld cannot both maintain these actions and avoid being deposed. If Ms. Feld is not willing to be deposed, these actions should be dismissed.

Ms. Feld also cannot unilaterally determine when, and what circumstances, she is going to be deposed, nor can she simply walk out of duly noticed depositions on a whim and refuse to schedule their completion. *See, e.g., Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009) (dismissal of complaint where Plaintiff "refused to be questioned" and left deposition before call could be made to the magistrate judge); *Plevy v. Scully*, 89 F.R.D. 665, 667 (West. D. N.Y. 1981) (dismissal upheld where pro se plaintiff failed to answer deposition questions in the absence of an attorney but had ample time to convey his reservations); *Aziz v. Wright*, 34 F.3d 587 (8th Cir, 1994) (upholding dismissal where plaintiff objected to his deposition being videotaped, became belligerent, and refused to commence deposition by "walking out").

Furthermore, Fed. R. Civ. P. 30(d)(3)(A) places the onus of seeking judicial relief on the party who terminates or seeks to impose limitations on the manner in which a deposition is taken. Here, Plaintiff Karen Feld, has improperly reversed that procedure and forced Defendants to expend the time and resources to file a motion to compel. In doing so, her improper actions have left the resumption of her deposition in a state of limbo. Accordingly, pursuant to Rule

30(d) and 37(a)(1), Defendants request an Order compelling Karen Feld to immediately resume the first day of her deposition on a date and time selected by Defendants.  *See Commc'ns Workers of Am. v. Verizon Servs.*, 2003 U.S. Dist. LEXIS 14967, *10 (D.D.C. August 28, 2003) (granting motion to compel party deposition as other party "is entitled to discovery").  While all other depositions in this case have been set on mutually agreeable dates, Ms. Feld has demonstrated through her misconduct that she is not entitled to such courtesy.

2. **Plaintiff Karen Feld Should Be Compelled to Complete the Remainder of Her Deposition in Two Days**

After the first day of Ms. Feld's deposition is completed, she will have thirteen (13) hours of deposition remaining pursuant to the Court's February 18, 2010 Order.  Defendants request that these hours be completed in two (2) days, on dates and times proposed by Defendants.

There is no reason why Karen Feld cannot sit through full seven (7) hour days of deposition.  To date, Ms. Feld has not provided any competent medical support for her claim that she can only sit through half-days of deposition or that she then needs a full week to recuperate after each half-day session.  The "doctor's notes" provided to date by Ms. Feld are inadmissible hearsay and are from osteopaths who are simply repeating Karen Feld's self-description of her own purported condition.  There is no evidence that that Dr. Spiegel ever examined Ms. Feld between her June 28, 2010 deposition and his July 15, 2010 note.  This is not valid, independent medical proof of any illness or condition.  It therefore cannot, under any circumstances, constitute a basis for Ms. Feld to refuse to resume her deposition immediately or to complete it in two (2) full days, as is required by Fed. R. Civ. P. 30(d)(1).

Furthermore, the veracity of Ms. Feld's "doctor's notes" cannot be accepted given that Ms. Feld sat through almost the entire two-day deposition of Defendant Kenneth Feld on June 25-26, 2010, just two days before her own June 28, 2010 deposition.  And, as recently as March

2010, Ms. Feld sat through four (4) full consecutive trial dates in a case that she filed in District of Columbia Superior Court, including three (3) successive days of her own testimony.  *See Feld v. Sheinbaum*, 2008 CA 2002 B); Sheinbaum Tr. excerpts attached hereto as Ex. 11.  Finally, even if her "doctor's notes" were accepted as true, Ms. Feld should have been ready to resume her deposition after one week of rest, *i.e.*, in the week of July 5, 2010.  Despite this, it is now more than three (3) weeks after June 28, 2010, and still Karen Feld is refusing to provide dates to resume her deposition.  This is nothing more than dilatory, vexatious litigation tactics.

It is important to note that this is not the first time that Karen Feld has attempted to use a purported "brain injury" to avoid complying with her discovery obligations.  In *Karen Feld v. Fulton Liss*, No. 99-CV-719, Ms. Feld sued her ex-boyfriend, Fulton Liss, "to recover damages for injuries she allegedly sustained when her car was rear-ended by a car driven by Liss." *Feld v. Liss,* Mem. Op., CA-2710-94, at 1 (D.C. September 8, 2000), attached hereto as Ex. 12.  As a sanction for Ms. Feld's "willful refusal to comply with court orders directing her to cooperate with an independent medical examination (IME"), the motions judge [Hon. Reggie B. Walton] precluded Feld from presenting evidence at trial of a head or brain injury." *Id.*

On appeal, the District of Columbia Court of Appeals affirmed Judge Walton's decision and, in reaching its conclusion, set out the following litany of discovery abuses by Ms Feld:

(a)     Ms. Feld's initial refusal to undergo an IME (necessitating a motion to compel);

(b)     Ms. Feld failures without notice to attend the IME after it had been ordered by the Court;

(c)     Ms. Feld's "obstructive and abusive behavior on each occasion she did appear for an IME, including *her outright refusals to answer questions and to complete the testing*,"

(d)     testimonial evidence that Ms. Feld "was able to control her emotions and behave with courtesy *when it suited her purposes to do so*;" and

      (e)      Judge Walton's own evaluation of Ms. Feld's credibility when she was before him.

*Id.* at 2 (emphasis added).  On the basis of this misconduct, the D.C. Court of Appeals found that the "evidence offered by Feld fell short of establishing that *injury to Feld's brain prevented her from complying with her discovery obligations*; and Feld herself did not testify to challenge the strong inference that her behavior – which may fairly be characterized as egregious – was willful." *Id.*  Indeed, Ms. Feld's behavior in *Fulton Liss* was so outrageous that the Court of Appeals commended Judge Walton "for his patience and his willingness to accommodate" Ms. Feld's requests. *Id.*

In sum, as in *Fulton Liss*, there is no medical evidence to support Ms. Feld's claim that a medical condition prevents her from finishing the remainder of her deposition in two (2) full days of deposition, as is required by Fed. R. Civ. P. 30(d)(1).  Accordingly, Defendants request that Ms. Feld's deposition be completed on that schedule, and on days selected by Defendants for the reasons stated above.

**3.**    **Per Fed. R. Civ. P. 37(a)(5)(A), Defendants are Entitled to The Expenses Incurred in Making This Motion.**

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fee.

Here, Karen Feld's refusal to provide dates to resume her deposition is a violation of the basic rules of discovery and has necessitated the filing of this motion.  *See Alexander v. Federal Bureau of Investigations*, 186 F.R.D. 78, 88 (D.D.C. 1998) ("if a party is seeking *postponement* of the deposition . . ., the court believes that it is reasonable for this party to make some effort to

notify" additional dates in which he might be available).  In these circumstances, Federal Rule of Civil Procedure 37(a)(5)(A) makes clear that an award of the fees and expenses incurred by Defendants' in making this motion is mandatory.  Accordingly, Defendants request that Plaintiff Karen Feld and/or her attorney, Mr. Oster, be ordered to pay such fees and expenses.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion be granted and that it be ordered:

(1)   that Karen Feld shall immediately resume and complete the first day of her deposition on a date and time selected by Defendants;

(2)   that Karen Feld shall complete the remainder of her deposition in two (2) days, on dates and times selected by Defendants; and

(3)   that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Karen Feld and/or her counsel shall pay the reasonable expenses incurred by Defendants in making this motion, in amount to be quantified.

Dated:  July 21, 2010.

                                            Respectfully submitted,

                                             /s/
                                            Matthew H. Kirtland (D.C. Bar No. 456006)
                                            John M. Simpson (D.C. Bar No. 256412)
                                            FULBRIGHT & JAWORSKI L.L.P.
                                            801 Pennsylvania Avenue, NW
                                            Washington, D.C. 20004-2623
                                            Telephone:  202-662-0200

                                            Attorneys for Kenneth Feld and
                                            Feld Entertainment, Inc.