# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN FELD,<br><br>    Plaintiff<br>    Counterclaim-Defendant,<br><br>v.<br><br>KENNETH FELD,<br><br>    Defendant<br>    Counterclaim-Plaintiff.<br><br>KENNETH FELD,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>CHARLES F. SMITH,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:09-CV-00479-ESH |

## KENNETH FELD'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Defendant and Counterclaim-Plaintiff and Third-Party Plaintiff Kenneth Feld, by and through undersigned counsel, respectfully requests that the Court enter the attached Protective Order.

Good cause exists for this motion in that this case involves a private, family Trust, and discovery sought in this case concerns private and personal financial matters. The proposed Protective Order would not restrict any discovery; rather, it would merely prevent any party from using discovery materials designated as "confidential" for any purpose other than this lawsuit. The terms of the proposed Protective Order are identical to the protective order that was entered by consent of all parties in the companion case, *Feld v. Feld*, *et al.*, 1:08-cv-01557-ESH-AK, that has been consolidated with this case for discovery. Plaintiff Karen Feld will not be prejudiced

85713883

by entry of the proposed Protective Order. For these reasons, and as set forth in detail in the attached Memorandum, Mr. Feld requests that this motion be granted. A proposed order is attached.

Mr. Feld also requests, pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5), that the reasonable fees incurred in making this motion be paid by Plaintiff Karen Feld and/or her counsel.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A)(i) and Local Rule 7(m), undersigned counsel certifies that the relief sought herein has been discussed with counsel for Plaintiff Karen Feld in a good-faith effort to resolve this issue without Court intervention. Although Plaintiff repeatedly requested a copy of a draft Protective Order so that it could be revised and consented to, and, indeed, Plaintiff withheld production of documents until the Protective Order was entered, counsel for Plaintiff has represented that Plaintiff now opposes entry of the Protective Order.

Dated: August 6, 2010                    Respectfully submitted,

/s/  Matthew H. Kirtland
Matthew H. Kirtland (D.C. Bar # 456006)
John M. Simpson (D.C. Bar # 256412)
Rena Scheinkman (D.C. Bar # 488861)
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  (202) 662-0200
Facsimile:  (202) 662-4643

John A.C. Keith, *pro hac vice*
William B. Porter, *pro hac vice*
BLANKINGSHIP & KEITH PC
4020 University Drive, Suite 300
Fairfax, VA 22030
Telephone: (703) 691-1235
Facsimile: (703) 691-3913

Counsel for Mr. Feld, Trustee

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN FELD, )<br>)<br>  Plaintiff )<br>  Counterclaim-Defendant, )<br>)<br>  v. )<br>)<br>KENNETH FELD, )<br>)<br>  Defendant )<br>  Counterclaim-Plaintiff. )<br>_____)<br>)<br>KENNETH FELD, )<br>)<br>  Third-Party Plaintiff, )<br>  v. )<br>)<br>CHARLES F. SMITH, )<br>)<br>  Third-Party Defendant. )<br>_____) | Civil Action No. 1:09-CV-00479-ESH |

**MEMORANDUM IN SUPPORT OF KENNETH FELD'S**
**MOTION FOR PROTECTIVE ORDER**

This case concerns the management, administration, and assets of a private, family Trust. Discovery requests propounded in this case seek the disclosure of private and confidential information of the parties. Defendant and Counterclaim-Plaintiff and Third-Party Plaintiff Kenneth Feld, therefore, respectfully requests entry of the attached Protective Order (Exhibit A hereto) to prevent the use or disclosure of such information for any purpose other than this case. The proposed Protective Order does not seek to limit the scope of discovery. Its terms are identical to the protective order that was entered by consent of the parties in the companion case, *Feld v. Feld*, *et al.*, 1:08-cv-01557-ESH-AK, that was consolidated for discovery. Accordingly, there will be no prejudice to any party from its entry. If the proposed Protective Order is not

85713883

entered, however, Mr. Feld will be prejudiced by the unjustified public disclosure of his private and confidential information.  For these reasons, and as set forth in greater detail below, Mr. Feld respectfully requests that this motion be granted.

## FACTUAL BACKGROUND

On February 18, 2010, the Court entered a Scheduling Order in this case (the "Trust Case") and the parallel case, *Feld v. Feld*, No. 1:08-cv-1557-ESH (the "*Shiva* Case"). Scheduling Orders, Trust Case (Docket # 50, 2/18/2010); *Shiva* Case (Docket # 61, 2/18/2010). Although the two cases were set on a consolidated discovery schedule, discovery was already months underway in the *Shiva* Case, but was just beginning in the Trust Case.  A Protective Order had already been entered in the *Shiva* Case by stipulation of the parties.  *See* Stipulated Protective Order, *Shiva* Case (Docket # 37, 11/17/2010).

On April 15, 2010, Ms. Feld and Mr. Feld exchanged responses to written discovery in the Trust Case.  In their responses, both parties stated that responsive documents would be exchanged at a later time.  Further, Mr. Feld objected to "producing documents in response to Plaintiff's document requests until a protective order is entered in this case." *See* Def.'s Resp. to Pl.'s First Request for Production of Documents at 4 ¶ 8 (Ex. B hereto).  Mr. Oster did not object.  For several months counsel for the parties engaged in meet-and-confer sessions discussing a number of discovery issues, including the entry of a protective order similar to the one entered in the *Shiva* Case.  During these communications, Mr. Oster repeatedly requested a draft Protective Order so that it could be entered.  Undersigned counsel represented, in response, that the draft order would be identical to that in the *Shiva* Case.  At no point, did Mr. Oster provide a draft Protective Order.

On June 25 and 26, Mr. Feld was deposed for two full days in both this case and the *Shiva* Case.  At that time, a protective order was not in place, and no documents had been

exchanged in the Trust Case. During the deposition, Mr. Oster marked as exhibits several documents that had not been produced in discovery. In response to undersigned counsel's objections to this deposition-by-surprise tactic, Mr. Oster claimed that Plaintiff Karen Feld had not produced these documents because the protective order in the Trust Case was not in place. *See* Depo. Tr. of Kenneth Feld (hereinafter "Mr. Feld's Depo."), Day 1 (6/25/2010) at 95-96; 127:21-22–129:18 (Ex. C hereto). As Mr. Oster stated in pertinent part: "*Because we have agreed not to produce documents in the trust case until such time as there is a protective order that meets with your approval.*" *Id.*, at 128:11-14. With undersigned counsel's objection on the record, Mr. Feld answered Mr. Oster's questions about the surprise documents. *See, e.g.*, *id.* at 96:15–97-97:20.

On June 28, 2010, Ms. Feld terminated her own deposition after just three hours of questioning. Since then, she has refused to resume it.[1]

On July 7, 2010, undersigned counsel sent Mr. Oster a draft protective order that is identical to the protective order entered in the *Shiva* Case by agreement of the parties. *See* E-mail exchange between M. Kirtland and S. Oster (7/7/2010) (Ex. D hereto).

On July 16, 2010, Mr. Oster stated for the first time that Plaintiff Karen Feld would not agree to enter the protective order in the Trust Case. *See* E-mail from M. Kirtland to S. Oster (7/28/2010) (Ex. E hereto). Mr. Oster's stated reason for this was that, during Mr. Feld's June 25-26, 2010 deposition, Mr. Oster asked questions about events that were at issue in prior litigation, that had nothing to do with Karen Feld or the claims and defenses in the Trust Case or *Shiva* Case and that took place more than twenty (20) years earlier, and Mr. Feld was prohibited from answering such questions because of, among other things, the existence of protective orders

---

[1] Resumption of Ms. Feld's deposition is the subject of a motion to compel filed by Mr. Feld on July 21, 2010 (*Shiva* Case, Docket # 74; Trust Case, Docket # 62).

and a confidential settlement agreement in that prior, unrelated litigation. *See* Ex. C (Mr. Feld's Depo.), Day 1 at 64:7-65:22; 176:10–178:22. In taking this position, Mr. Oster conflated two unrelated things: (1) Mr. Feld's obligation to abide by past settlement and confidentiality agreements that remain in effect, and (2) the protections that are necessary for private and confidential materials produced in discovery in the present Trust Case.

## ARGUMENT

### 1. Good Cause Exists for Entry of the Proposed Protective Order.

The Court has authority to enter the proposed Protective Order. *See* Fed. R. Civ. P. 26(c) (providing in relevant part: "The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . ."); *In re Sealed Case*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (recognizing the courts' discretion to protect private information, like tax returns, under Rule 26(c), even though the information is not privileged); *Huthnance v. District of Columbia*, 255 F.R.D. 285, 296 (D.D.C. 2008); *Doe v. District of Columbia*, 230 F.R.D. 47, 50 (D.D.C. 2005); *WLR Foods, Inc. v. Tyson Foods, Inc.*, 155 F.R.D. 142, 144 (W.D. Va. 1994) (explaining that Rule 26(c) allows courts to "fashion . . . order[s]" protecting sensitive or confidential information). In deciding whether to issue the Protective Order, the Court should "apply a balancing test, weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." *Doe v. D.C.*, 230 F.R.D. at 50 (internal quotation marks and citations omitted); *Doe v. Provident Life & Accident Ins.*, 247, F.R.D. 218, 221 (D.D.C. 2008) (Kay, Mag. J.).

Here, Mr. Feld will be harmed without the Protective Order because it will expose personal, sensitive, and private information to disclosure and use outside of this case. Ms. Feld's document requests to Mr. Feld ask for documents and information including Trust income, assets, and expenses and communications between Mr. Feld (as Trustee) and Trust accountants,

investment advisors, and counsel. These documents reveal detailed information regarding Mr. Feld's management of the Trust, as well as the assets in the Trust and by extension assets of the beneficiaries—Mr. Feld and Ms. Feld. There is no conceivable reason that this information should be used for any purpose outside of this litigation or made public.

Moreover, Mr. Feld has reason to believe that Ms. Feld's recent change of course regarding the Protective Order is motivated by her improper desire to make this private matter public. Specifically, it is public knowledge that Ms. Feld is working on a memoir about her life. *See, e.g.*, Interview with Washington Insider Karen Feld (Apr. 27, 2010), *available at* http://www.karenfeld.com/column.htm (Karen Feld: "I am working on a book, a memoir. I feel in many ways my life has been just as challenging and interesting as many of the people I've interviewed . . . ."). And Newspaper articles regarding both this case and the *Shiva* Case have already surfaced. *See, e.g.*, "Circus-Family Siblings in Estranged Land," Washington Post (Mar. 27, 2009), *available at* http://www.washingtonpost.com/wp-dyn/content/article/2009/03/26/AR2009032603971_pf.html (discussing both the Trust Case and the *Shiva* Case); "Sister sues the !@#$ out of Ringling bro for shiva boot," New York Post (Mar. 9, 2010), *available at* http://www.nypost.com/f/print/news/local/brooklyn/family_circus_JIdm1Ku166ifn9uepILvwJ (discussing *Shiva* Case and including a comment by Mr. Oster).

"It is axiomatic that a party cannot take [discovery] for purposes unrelated to the lawsuit at hand." *See Jennings*, 162 F.R.D. at 122. Here, public dissemination of the private and personal information regarding the Trust and Mr. Feld would be improper. Without the proposed Protective Order, however, there would be no way to enforce that the information obtained through discovery will be used solely for the purposes of this lawsuit. *See id.* at 123 (holding

that potential use of discovery material for purposes "unrelated to settlement or trial preparation" was good cause for the protective order).

In contrast to the harm that Mr. Feld will suffer without the proposed Protective Order, Ms. Feld has proffered no evidence of any harm by it being entered.  Nor could she given that the proposed Protective Order will not interfere in the slightest with her ability to prepare for a trial (if any) or the scope of discovery.  The terms of the proposed Protective Order only apply to specified, designated information and such designations can be challenged by any other party. Indeed, the terms of the proposed Protective Order are identical to those already agreed to by Ms. Feld in the *Shiva* case.  Further, with discovery in this case consolidated with that of the *Shiva* case, it would be a logistical nightmare to have a protective order in one case but not the other. Finally, Ms. Feld's stated reason for no longer agreeing to the proposed Protective Order frankly makes no sense.  The existence of protective orders and confidentiality agreements in other, unrelated litigation has no bearing on the necessity of ensuring that private and confidential information disclosed in this case is not used for any purpose other than this litigation.

### 2.    Pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5), Defendant is Entitled to The Expenses Incurred in Making This Motion.

Under Fed. R. Civ. P. 26(c)(3), which governs entering protective orders, expenses can be awarded pursuant to Fed. R. Civ. P. 37(a)(5)(A), which states:

> *If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fee.*

Here, Karen Feld's unjustified refusal to consent to entry of the proposed Protective Order has necessitated the preparation of this motion.  The parties' agreement to the terms of the Protective Order should have been a perfunctory matter.  For months the parties operated under

the assumption that a protective order would be entered in this case. Indeed, according to the position taken by Mr. Oster at Mr. Feld's deposition, Plaintiff's production of documents was held back based on this understanding.[2] Given that the terms of the proposed Protective Order are identical to those to which Ms. Feld has already agreed in the consolidated *Shiva* case, this constitutes bad faith and nothing more than an improper effort to cause Mr. Feld to incur unnecessary costs. Accordingly, Mr. Feld requests that Plaintiff Karen Feld and/or her attorney, Mr. Oster, be ordered to pay the fees and expenses incurred in making this motion.

## CONCLUSION

For the foregoing reasons, Defendant and Counterclaim-Plaintiff and Third-Party Plaintiff Kenneth Feld respectfully requests that the Court grant this motion, enter the proposed Protective Order, and award costs.

Dated: August 6, 2010                                    Respectfully submitted,

/s/  Matthew H. Kirtland
Matthew H. Kirtland (D.C. Bar # 456006)
John M. Simpson (D.C. Bar # 256412)
Rena Scheinkman (D.C. Bar # 488861)
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  (202) 662-0200
Facsimile:  (202) 662-4643

John A.C. Keith, *pro hac vice*
William B. Porter, *pro hac vice*
BLANKINGSHIP & KEITH PC
4020 University Drive, Suite 300
Fairfax, VA 22030
Telephone: (703) 691-1235
Facsimile: (703) 691-3913

Counsel for Mr. Feld, Trustee

---

[2] Plaintiff finally produced an initial tranche of documents earlier this week, on Monday, August 2, 2010.

85713883                                                      - 7 -