## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAREN FELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-01557-ESH/AK |
| | ) | |
| KENNETH FELD *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KAREN FELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-CV00479-ESH/AK |
| | ) | |
| KENNETH FELD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF KAREN FELD'S MOTION FOR PROTECTIVE ORDER

Plaintiff Karen Feld, by and through undersigned counsel, respectfully asks the Court to

enter a protective order relieving Plaintiff from any requirement that she travel to the District of

Columbia against the express advice of her personal physician.  Plaintiff also requests that the

Court permit her to notice and take other depositions because (1) she continues to make herself

available by teleconference or  in Portland, Maine, a destination to which Defendants intend to

travel for other depositions, and (2) Defendants have never submitted any "schedule" of

depositions in compliance with the Scheduling Order (Doc. 50), and therefore proceeding with

other depositions will not prejudice the Defendants or upset any non-existent order of depositions .[1]

On August 13, 2010, the parties appeared before the Court by telephone to discuss Plaintiff's medical condition as it related to her inability to travel.  At that time, Plaintiff submitted a letter from Dr. Bonnie Sendzicki, Plaintiff's personal physician, who indicated that Plaintiff was unable to travel due to physical and psychological injuries.  (Ex. 1).  Dr. Sendzicki stated that Plaintiff was to be reevaluated in four to six weeks.  *Id*.  Thus, the Court ordered that Plaintiff return to the District of Columbia for deposition the week of September 27, 2010.  (Doc. 72).  Although not reflected in the brief written Order the Court entered ten days after the hearing, the Court's Order was expressly conditioned on Plaintiff having sufficiently recovered from "medical problems that would foreclose her to" travel.  (Ex. 2, Transcript of Proceedings at 28:3-8).

By letter dated September 22, 2010, Dr. Sendzicki provided counsel and the Court with an update as to the Plaintiff's condition.  Dr. Sendzicki states that "at present Ms. Feld cannot travel due to weakness in her prosthetic knee, as it is not completely rehabilitated, and her problems with symptoms from PTSD."  (Ex. 3 at 1).  Dr. Sendzicki diagnoses Plaintiff with, among other things, cervical spine osteoarthritis, hip, pelvis, rib, spine, and head trauma, post-traumatic stress disorder, and traumatic brain injury.  *Id*.  Dr. Sendzicki, who has treated the Plaintiff for fifteen years, describes "sleep, concentration, memory, and emotional control" disruption which is "atypical behavior" for the Plaintiff.  *Id*.  As a result, Dr. Sendzicki further

---

[1] Unless otherwise indicated, references are to the docket in the Trust case, No. 1:09-CV00479.

directs that Plaintiff requires accommodations at her deposition as a result of her medical condition.[2]

Defendants have noticed Plaintiff's deposition for Monday, September 27, 2010, in the District of Columbia.  (Ex. 4).  Counsel forwarded Dr. Sendzicki's letter to Defendants' counsel upon receipt, and requested that Defendants withdraw the notice.  (Ex. 5).  Counsel indicated his availability to meet and confer in order to resolve any issues regarding Plaintiff's deposition. Instead, by return email Defendants' counsel demanded that the parties appear in front of the Court.  (Ex. 6).  Since Defendants' counsel has refused to withdraw the notice or discuss the matter, Plaintiff has filed the within motion.

Certainly Plaintiff's medical necessity outweighs whatever inconvenience might ensue should her deposition take place in Portland as opposed to the District of Columbia.  This is especially true insofar as Defendants have indicated their desire to depose Dr. Sendzicki.  That deposition, if it occurs, will take place in Portland, approximately one and one half hours from Washington, DC by plane.  Therefore, even if expense were a concern to these Defendants, Plaintiff's deposition can be taken in Portland without causing much in the way of additional cost.  Indeed, it is likely that the attorneys' fees associated with litigating the issue of where Plaintiff is deposed already exceeds the cost to depose her in Maine.  This Court has broad discretion to enter discovery orders which are protective of Plaintiff's health without visiting any undue prejudice on the Defendants.  *See Schorr v. Briarwood Estates Limited Partnership*, 178 F.R.D. 488, 492 (N.D. Ohio 1998) (ordering deposition accommodations in order to protect plaintiff who suffered from PTSD).  Accordingly, Plaintiff respectfully requests that her motion be granted and she not be compelled to travel to the District of Columbia against medical advice.

---

[2] Ms. Feld is not on vacation.  She is at her home in Maine where she has received medical care from Dr. Sendzicki for fifteen years.

In addition, Plaintiff requests that the Court's restriction on further depositions be vacated.  The Court apparently was under the impression that the Defendants had set a deposition schedule which would be upset if the Plaintiff's deposition was delayed.  That is incorrect.  As of the date of the hearing, the only other depositions which had been noticed and were pending were two witnesses noticed **by the Plaintiff.**  To date, the Defendants have never identified any prospective deponents in compliance with Judge Huvelle's Scheduling Order. (Doc. 50).[3] Defendant's only stated desire regarding scheduling is that Plaintiff be deposed before her treating physicians.  Obviously, the location of Plaintiff's deposition has no effect on that issue. As Plaintiff has otherwise been available for deposition and has a compelling medical reason for remaining in Maine, there is no basis to impose any sanction on her.  Therefore, Plaintiff respectfully requests that the stay on depositions be vacated.

For all of the foregoing reasons, Plaintiff respectfully requests that the within Motion be granted.  A proposed form of order is attached.

September 23, 2010                                    Respectfully submitted,


Steven M. Oster
Oster Law Firm
1050 17th Street, N.W.
Suite 910
Washington, DC 20036
Phone: 202.596.5291

Counsel to Plaintiff Karen Feld

---

[3] Defendants have circulated a list of thirty proposed deponents.  However, Judge Huvelle has limited each side to ten depositions in both cases combined.  (Doc. 50 at ¶ 5).

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Motion for Protective Order was sent by electronic mail to the following counsel of record:

Matthew Kirtland, Esq.
Fulbright & Jaworski, L.L.P.
801 Pennsylvania Avenue, N. W.
Washington, DC 20004

Counsel to Defendants Feld Entertainment, Inc., and Kenneth Feld.

William Porter, Esq.
BLANKINGSHIP & KEITH PC
4020 University Drive, Suite 300
Fairfax, VA 22030

Counsel to Defendant Kenneth Feld

Bruce W. Henry, Esq.
Jeffery T. Martin, Jr., Esq.
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, VA 22314

Counsel to Third Party Defendant Charles F. Smith

September 23, 2010                                    _____/s/_____
                                                      Steven M. Oster