IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN FELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-01557-ESH/AK |
| ) | |
| KENNETH FELD *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| KAREN FELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09-CV00479-ESH/AK |
| ) | |
| KENNETH FELD, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO MOTION
FOR INDEPENDENT MEDICAL EXAMINATION**

Plaintiff Karen Feld, by and through undersigned counsel, submits this memorandum in opposition to Defendant Kenneth Feld's Motion for Independent Medical Examination of Plaintiff and to Continue Stay of Depositions Pending Completion of Examination (the "IME Motion"). (Doc. 80).[1] The IME Motion is fatally deficient and does not even attempt to meet the requirements of Fed. R. Civ. P. 35(a). Moreover, it is simply another problem masquerading as a solution: were Kenneth Feld to pay for a second opinion challenging that of the Plaintiff's longstanding physician, this Court would be in no better position to determine whether to order

---

[1] This document was filed in the "*Shiva* Case," No. 1:08-cv-01557 as Doc. 80, and in the "Trust Case," No. 1:08-cv-00479 as Doc. 75. Unless otherwise indicated, citations are to the *Shiva* Case docket.

-1-

Ms. Feld to travel against medical advice.  By the time an examination is conducted and the parties have an opportunity to be heard on the matter, it is likely Ms. Feld's condition will continue to improve (assuming that the IME itself does not exacerbate Ms. Feld's PTSD).  An IME, together with a pointless stay of discovery, represents the latest attempt on the part of Kenneth Feld to increase the cost of these proceedings to Ms. Feld.  Considering that the parties have appeared twice by telephone, filed three motions, and, if the Court grants Kenneth Feld's motion, will be required to submit briefs after an IME, the cost of litigating this issue dwarfs whatever expenses might have been associated with deposing Ms. Feld in Maine.[2]

As more fully set forth below, Kenneth Feld's conduct belies any other, legitimate interest.  His motion, which is little more than another meritless personal attack on Ms. Feld, does not comply with the substantive requirements of Fed. R. Civ. Pro. 35.  His conduct in connection with his own deposition, which includes refusing to answer questions on relevance grounds in violation of this Court's practice and Fed. R. Civ. Pro. 26 and 30, refusing to complete his deposition, and, incredibly in view of his present motion, ***demanding that his deposition take place in Tampa as a matter of his own convenience,*** is not that of a litigant deserving of any deference from this Court.  Ms. Feld's condition is well-documented, and her health considerations outweigh any potential inconvenience associated with deposing her in Portland, Maine.  ***Defendants have indicated they desire a half day only with Ms. Feld before deposing her physician(s).  Even with the limitations of her current condition, that can be accomplished in one trip to Portland, a trip which Defendants' counsel would have made in any event to depose Dr. Sendzicki as requested.***

---

[2] In a brief otherwise filled with baseless charges and innuendo, Kenneth Feld continues to suggest that Ms. Feld is in Maine on "vacation."  That is false.  Ms. Feld has a home in Maine at which she spends part of each year writing.  She has been receiving daily medical treatment and is under the care of a physician who has followed her for fifteen years.  Defendant also claims that the defendant in an unrelated case, Fulton Liss, is the "ex-boyfriend" of Ms. Feld.  That statement is also false.

Finally, since Ms. Feld has legitimate medical reasons for remaining in Portland, there is no basis to ask that she pay for Defendant's request or continue a punitive stay of depositions. Kenneth Feld did not comply with the Court's order that he submit a list of proposed deponents on or before September 29, 2010. That alone is a sufficient basis to lift the stay.

## ARGUMENT

1. When submission to an IME is contested, the examination is not a matter of right but instead is left to the sound discretion of the trial court. *Smith v. Koplan*, 215 F.R.D. 11, 12 (D.D.C. 2003). Defendant's motion does not meet the substantive requirements of Fed. R. Civ. P. 35. When moving for an IME, the movant must establish that the "mental or physical condition . . . is in controversy" and that there is "good cause" for the motion to be granted and the party to submit to an examination. In *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), the Supreme Court noted that, unlike the rules pertaining to the permissible scope of other forms of discovery such as interrogatories and production of documents, which require only that the information sought be "relevant to the subject matter involved in the pending action," and that discovery devices not be used in bad faith so as to cause undue "annoyance, embarrassment, or oppression," Rule 35 contains a "restriction" that the matter be "in controversy" and that the movant demonstrate "good cause." *Id*. at 117. Court went on to state that the "in controversy" and "good cause" requirements of Rule 35,

> are not met by mere conclusory allegations of the pleadings--nor by mere relevance to the case--but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists or ordering each particular examination.

*Id.* at 118. The Court concluded that "Rule 35, therefore, requires discriminating application by the trial judge who must decide…whether the [moving party] has adequately demonstrated the

existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements…are necessarily related." *Id*. at 118-19.

2. Neither requirement of *Schlagenhauf* is met in this case. Ms. Feld's inability to travel to Washington, DC at present is not an issue to be litigated in either the Trust or Shiva cases. It is therefore not "in controversy" within the meaning of the Rule. Moreover, Defendant has not come close to showing "good cause." The movant's ability to obtain the desired information by means other than an IME is relevant to the "good cause" analysis. *Schlagenhauf*, *supra*, at 119. It is clear from the record that Plaintiff has made herself available for Defendants to depose her in Maine, which Defendants conveniently note is a 9 hour trip by car, 8 hour trip by train, or a 90 minute flight from Washington, D.C. (IME Motion at 6). Given that the round trip traveling distance by flight can easily be done within a day, Defendants have had, and continue to have, the opportunity to depose Plaintiff in Maine. Defendant has previously stated that at present he requires only one half day to complete prior to seeking the opportunity to depose Ms. Feld's treating physicians. That can be accommodated within Ms. Feld's medical limitations.

3. The IME Motion itself is also fatally deficient. Pursuant to Fed. R. Civ. P. 35(a)(2)(B), the Defendant was required to "specify the time, place, manner, conditions, and scope of the examination, as well as the  person or persons who will perform" the IME. Neither Defendant's motion nor his proposed Order contains this necessary information. (Docs. 80 and 80-1). The requirement that this information be provided is substantive. The Court has the "responsibility to determine the suitability of the examiner's qualifications…." 1991 Advisory Committee Notes. That is impossible due to the Defendant's failure to comply with the applicable rule. ***The absence of the required information is likewise prejudicial to Ms. Feld.***

***Without notice of the type and scope of examination, as well as the identity of the physician(s) or psychologist(s), Ms. Feld cannot meaningfully respond to the motion or determine what conditions and accommodations to request.*** Should Defendant belatedly attempt to supplement his motion in his reply, Plaintiff requests the opportunity to respond in order to protect herself in accordance with Rule 35.[3]

4. Ms. Feld has never refused to be deposed. Instead, at the direction of her physician who has stated that she cannot travel at present, Ms. Feld has offered to make herself available in Portland, ME or by video conference. Defendant has flatly refused, even though he has indicated a desire to depose Dr. Bonnie Sendzicki, whose deposition would otherwise take place in Portland.

5. Prior to filing her Motion for Protective Order, (Doc. 79), on September 24, 2010 Ms. Feld provided Defendants' counsel with a copy a letter prepared by Dr. Sendzicki, who has treated Ms. Feld for 15 years. The letter indicated that as of September 22, 2010, Ms. Feld was unable to travel. Undersigned counsel requested that Ms. Feld's deposition notice for the following Monday in Washington, DC be withdrawn, and indicated availability to meet and confer that afternoon. Counsel refused, in violation of LCvR 7. (Doc. 79 at 3).

6. The parties appeared by telephone on September 24, 2010, at which time the Court granted Ms. Feld's motion. Defendant's counsel asked that the Court order an IME on the issue of Ms. Feld's ability to travel. The Court asked for briefing on that question. In addition, Defendant asked that the Court lift a stay of Defendant's depositions but continue a stay of Plaintiff's depositions. Ms. Feld asked that the stay be lifted as to both. The Court ordered both parties to submit a list of deponents on or before September 29, 2010; Ms. Feld complied with

---

[3] For instance, it is well-settled that re-experiencing trauma is a trigger of symptoms of PTSD. Plaintiff has a right to assess and mitigate any dangers posed by Defendant's proposed IME.

that order.  (Doc. 81).  Defendant did not comply, and this is a sufficient basis for the Court to lift the stay of depositions.  The stay serves no purpose other than delay.  The location of Plaintiff's deposition obviously has no impact on whatever deposition plan the Defendant claim to have.

7.  Unlike Defendant, who simply claims he has more important things to do than sit for the remainder of his deposition, Ms. Feld has documented medical problems requiring accommodation.  On June 28, 2010, she sat for the first day of her deposition.  She testified from approximately 10 am through 1 pm, at which time the parties recessed for lunch.  During lunch Ms. Feld began to feel ill, and she contacted her physician, Dr. Christina Steele, before returning to the site of the deposition.  (Ex. 1).  The afternoon session began just after 2 pm.  Approximately one hour later the parties recessed again, and Ms. Feld indicated to counsel that her condition had worsened and she could not continue, and that she was going to see her physician.  Ms. Feld saw Dr. Steele later that afternoon on an emergent basis.  (*Id.*).  Dr. Steele examined Ms. Feld and prepared a letter which was forwarded to Defendant's counsel, stating that

> Ms. Feld was seen at 5:00 PM with complaints of severe headache, photophobia, and left knee pain.  She indicated that her current activities (including a long day spent in deposition) are aggravating her traumatic brain injury and recent left knee replacement.  My recommendations included hydration, and time to rest next week, and a reduced schedule.

(*Id.*).

8.  Defendant's counsel must be well aware of Ms. Feld's chronic medical conditions.  To date, the Defendant has served dozens of subpoenas on nearly one hundred medical providers, generating hundreds of pages of medical records, some of which are

relevant.[4] Those records confirm that Ms. Feld suffers from various physical problems, including a progressive condition caused by traumatic brain injuries. Defendant did not take advantage of the opportunity to question Dr. Steele about the physical ailments which necessitated Ms. Feld leaving in the afternoon of her deposition. At the request of Defendant's counsel after receipt of Dr. Steele's letter, Plaintiff's counsel arranged for Dr. Steele to make herself available for a deposition on June 21, 2010. (Ex. 2). ***Defendant's counsel never responded to emails asking whether Defendant intended to proceed with the deposition, nor did Defendant take any steps to secure Dr. Steele's attendance on June 21st.*** (*Id.*). Instead, Defendant relies on decade old documents concerning the disputed account of an Independent Medical Examination in an unrelated case.

9.  Mr. Feld's conduct has been far more egregious. Mr. Feld claimed to be out of the country for the month of July for vacation and business travel, after which he claimed that he could only be deposed in Florida through the middle of September. (Kenneth Feld Dep., Ex. 3, at 436:22-438:20). Furthermore, notwithstanding the parties' agreement and this Court's Order that Kenneth and Karen Feld would each be deposed for twenty (20) hours, at the close of the second day of Defendant's deposition—at 5 pm on Saturday, June 26—his counsel announced that Defendant's examination would have to be completed that evening or Defendant would not return for the completion of his deposition. (Ex. 3 at 605:13-606:8). Thereafter, Defendant's

---

[4] Defendant appears intent on using his virtually limitless resources to prevail over Plaintiff in a battle of attrition. Among the respondents are massage therapists, dermatologists, and opticians. At the February status conference, this Court admonished Defendant's counsel that depositions of treating physicians are of dubious utility, requiring Defendant to obtain Plaintiff's consent or leave of Court before taking any such depositions. The Court also set a combined limit of ten (10) additional depositions of fact witnesses in both cases. (Doc. 50 at ¶ 5). Defendant has ignored the Court's orders. Instead, Defendant claims a need to depose twenty-nine (29) witnesses, including more than twenty-three (23) treating physicians. (Case No. 1:08-cv-01557 ESH/AK, Doc. 75 at 4-5). Among those listed are several physicians with whom Plaintiff consulted once or twice. Although Defendants claim that "certain" depositions are for purposes of authentication of documents, they have not identified any, nor have they sought Plaintiff's stipulation as to the authentication of any documents.

counsel demanded a "proffer;" an itemization of the subjects on which Plaintiff intended to examine Mr. Feld during the remainder of his deposition. Finally, after forcing counsel to exchange over numerous emails on the subject, Defendant reluctantly confirmed his intention to complete his deposition.

10. Although he now challenges the validity of Ms. Feld's medical problems, when it suited his purposes, Mr. Feld has been quick to accept them. For instance, in his Responses to Interrogatories in the Trust Case, Mr. Feld claimed that the testator, Israel Feld, died "without living to see and assess the deterioration in Karen Feld's mental state." (Ex. 4 at 20).

11. Mr. Feld asks that his sister pay for the IME he has failed to properly request. For the reasons stated above, his non-compliance with Rule 35 renders this request moot. However, even if the Court should nevertheless order an IME, Plaintiff submits that assessing costs against her is a punitive sanction unwarranted where she is acting in accordance with her physician's medical advice.

For all of the foregoing reasons, Plaintiff respectfully requests that the Motion for IME be denied and the stay of depositions be vacated.

October 5, 2010

Respectfully submitted,

Steven M. Oster
DCB No. 376030
Oster Law Firm
1050 17th Street, N.W.
Suite 910
Washington, DC 20036
Phone: 202.596.5291

Christopher E. Hassell
DCB No. 291641
Nimalan Amirthalingam
DCB No. 485117
1233 20th Street, N.W.

-8-

-9-

Suite 800
Washington, DC 20036
Phone: 202.712.7000

Counsel to Plaintiff Karen Feld

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was submitted to the Court's electronic filing system and thereby forwarded to the following counsel of record:

Matthew Kirtland, Esq.
Fulbright & Jaworski, L.L.P.
801 Pennsylvania Avenue, N. W.
Washington, DC 20004

Counsel to Defendants Feld Entertainment, Inc., and Kenneth Feld.

William Porter, Esq.
BLANKINGSHIP & KEITH PC
4020 University Drive, Suite 300
Fairfax, VA 22030

Counsel to Defendant Kenneth Feld

Bruce W. Henry, Esq.
Jeffery T. Martin, Jr., Esq.
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, VA 22314

Counsel to Third Party Defendant Charles F. Smith

October 5, 2010                                         _____/s/_____
                                                        Steven M. Oster