# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN FELD, <br><br> Plaintiff <br> Counterclaim-Defendant, <br> v. <br><br> KENNETH FELD, <br><br> Defendant <br> Counterclaim-Plaintiff. <br><br> KENNETH FELD, <br><br> Third-Party Plaintiff, <br> v. <br><br> CHARLES F. SMITH, <br><br> Third-Party Defendant. | Civil Action No. 1:09-CV-00479-ESH |

## JOINT STATUS REPORT

Undersigned counsel, on behalf of Defendant Kenneth Feld, Plaintiff Karen Feld and Third-Party Defendant Charles F. Smith, submits this joint status report pursuant to the Court's December 22, 2010 Order. The statements set forth herein as the "positions" of Plaintiff and Defendant were prepared independently by counsel for Plaintiff and Defendant. Counsel for Third-Party Defendant Charles F. Smith had no comment.

1.  Subject to the issues described below, the parties have agreed that a Settlement and Release Agreement, along with various attached documents, is required to effectuate the terms of the settlement. The parties have committed to prepare and finalize this agreement and its attachments within thirty (30) days of the January 21, 2011 status conference, i.e., on or

80860944

before February 21, 2011, and respectfully request that the Court set another status conference on or after that date.  Plaintiff is of the view that any Settlement Agreement must be faithful to the terms the parties agreed to in open court, and that no terms be added by either party unless necessary to effectuate the settlement.  Defendant agrees that the Settlement Agreement must be faithful to the terms that the parties have agreed.

      2.      The parties have not agreed on the following two (2) issues and respectfully request the Court's assistance to resolve them:

      (a)      <u>Special Master</u>.  The parties agree that a special master should be appointed to resolve any objections that Plaintiff may raise to any disbursements from the Israel Feld Trust (exclusive of distributions to beneficiaries) during the period since Defendant became sole Trustee of the Trust.

      (i)      <u>Plaintiff's position</u>.  Plaintiff has nominated Michael F. Curtin for this position.  Mr. Curtin is currently a member of the law firm Curtin Law Roberson Dunigan & Salans.  Mr. Curtin has chaired the Trusts and Estates Division of the DC Bar and is a nationally recognized expert in the field.

      (ii)      <u>Defendant's position</u>.  Defendant has nominated the Honorable Rufus J. King, III (Ret.) for this position.  Judge King is currently with the McCammon Group and, among other positions, is the former Chief Judge of the Superior Court of the District of Columbia.  Defendant contends that Judge King is better qualified to be the special master given his extensive experience in adjudicating disputed matters, including trusts and estates matters.  Mr. Curtin, while an expert in the field of trusts and estates, does not appear to have any experience in adjudicating such matters.

      (b)      <u>Timing of Resolution of Division of Trust and Plaintiff's Objections to Disbursements</u>.

(i)  Defendant's position.  Per the guidance given by the Court at the December 22, 2010 status conference that the settlement of this case should be finalized as quickly as possible, Defendant contends that any challenges by Plaintiff to any disbursements from the Israel Feld Trust (as described *supra* in Paragraph 2(a)) should be made and resolved without delay and as quickly as possible.  There are three (3) years of disbursements at issue – 2008, 2009, 2010.  Plaintiff has had in her possession a detailed listing of all disbursements for 2008 and 2009 for some time now given that they were included in the annual accountings that she received for those years.  With respect to the accounting for the disbursements for 2010, Defendant has proposed that it be provided to Plaintiff within two (2) weeks of the January 21, 2011 status conference, that Plaintiff should be required to raise any objection within one (1) week of receipt of this accounting, that Defendant should be required to respond within one (1) thereafter, and that if any unresolved objections exist, then they should be submitted by Plaintiff to the special master within one (1) week thereafter, with Defendant to respond accordingly.  Defendant sees no reason why this schedule is unworkable or why, as Plaintiff now suggests, her objections should be deferred until after the parties reach agreement on the terms of the Settlement and Release Agreement and attachments (as described *supra* in Paragraph 1).  This would only delay final settlement and resolution of this matter.

(ii)  Plaintiff's position.  Consistent with Your Honor's express direction at the December 22, 2011 status conference, Plaintiff believes the agreements should be finalized and the Trust divided promptly, and that this work should take precedence over the relatively less complicated issues, if any, which might arise regarding disbursements.  As noted above, there are numerous documents which must be drafted and the trust assets reviewed prior to division of the Trust.  If the parties complete this work over the next thirty days, by the time of

the next status conference the Trust should be ready for immediate division or, if any dispute arises, it will be ready for prompt resolution. Plaintiff proposes that by February 4, 2011, the Defendant submit a listing and proposed division of trust assets to the Plaintiff. One week later, by February 11, 2011, the Plaintiff will provide a response, including any objection she has with respect to any aspect of the division. The parties will attempt to resolve any dispute prior to the next status conference. If no resolution is achieved, the parties will submit the matter to the Special Master as described in the above paragraph. Any dispute regarding the inclusion or exclusion of terms in the settlement documents may be resolved by Judge Kay. Once the settlement documents are finalized and the division of the Trust is set, the Trust will be divided and the various documents executed and filed.

Thereafter, the parties can engage in the dispute resolution process regarding post-2007 disbursements. Given all that must be completed prior to division of the Trust, along with the ongoing discovery obligations in the *shiva* case, Plaintiff believes the parties should focus their efforts on division of the Trust.

Dated:  January 18, 2011                                  Respectfully submitted

                                                              /s/ Matthew H. Kirtland
_____
Matthew H. Kirtland (D.C. Bar No. 456006)
John M. Simpson (D.C. Bar No. 256412)
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, D.C. 20004-2623
Telephone:  202-662-0200
Attorneys for Kenneth Feld and
Feld Entertainment, Inc.